# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 96-60310

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT MORRIS,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi

(3:96-CV-166-LN)

June 6, 1997

Before POLITZ, Chief Judge, WIENER and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

The opinion rendered herein on May 23, 1997 is withdrawn and the following is substituted in its place.

Robert Morris appeals the decision of the district court to retry him for violating 18 U.S.C. § 924(c)(1). Finding that the government presented sufficient evidence that Morris carried a firearm during and in relation to a drug trafficking offense, we affirm.

## BACKGROUND

On May 18, 1992, police officers in Jackson, Mississippi executed a search warrant on Robert Morris's residence and found Morris and two others in the den. Morris was sitting on a sofa wrapped in a comforter which hid bags containing 1206 grams of marihuana and approximately $9200 in cash. At the time Morris weighed nearly 400 pounds, suffered from chronic heart and lung ailments, and could walk only with the aid of crutches. At trial the police officers testified that they found a loaded Colt .25 caliber semi-automatic pistol under a newspaper on the table next to the sofa. Morris testified that the weapon was located in a briefcase 18-feet distant.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Morris pled guilty to possession of marihuana with intent to distribute and was tried and found guilty of using and carrying a firearm during and in relation to a drug trafficking crime.[1] The district court sentenced him to 12 months in prison on the drug count, 60 months for the firearm offense, two 3-year terms of supervised release to be served concurrently, and a $3,000 fine. Morris appealed and we affirmed his conviction and sentence in an unpublished opinion.[2]

After serving the 12-month sentence for the drug offense Morris filed a motion under 28 U.S.C. § 2255 to vacate his firearm conviction on the basis of the Supreme Court's intervening decision in **Bailey v. United States**.[3] The district court granted the motion to vacate in part, concluding that under **Bailey** the government failed to produce sufficient evidence that Morris used a firearm.[4] The district court found, however, that the government presented sufficient evidence to convict under the carry prong of section 924(c)(1). Because at trial the jury had not

---

[1]18 U.S.C. § 924(c)(1).

[2]**United States v. Morris**, No. 93-07229 (5th Cir. April 1, 1994).

[3]116 S. Ct. 501 (1995).

[4]We note that **Bailey** applies retroactively on collateral review under **United States v. McPhail**, ____ F.3d ____ (5th Cir. 1997), even though that issue is not before us because the government did not cross-appeal the district court's decision to vacate the conviction based upon the "use" prong of section 924(c)(1).

been given a carry instruction, the district court ordered a new trial to determine whether Morris carried a firearm within the meaning of section 924(c)(1). Morris timely appealed.

## ANALYSIS

Morris contends that the government presented insufficient evidence to support a conviction for carrying a firearm under section 924(c)(1) and, therefore, that retrying him would violate the double jeopardy bar. We have held that to sustain a carrying conviction the prosecution must show that the defendant transported the firearm or had it within his reach during and in relation to the commission of the underlying offense.[5] In the case at bar, the government presented sufficient evidence that had the jury been instructed on the carry prong, it rationally could have found Morris guilty. The police officers testified that the firearm was located next to the sofa on which Morris was seated. Morris challenged this evidence. The jury reasonably could have concluded that the firearm was within Morris's reach during the commission of the drug offense. That is a classic jury call.

The judgment appealed is AFFIRMED.

---

[5]**United States v. Hall**, ____ F.3d ____ (5th Cir. 1997).